IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-02233-MJW

TRANS-WEST, INC., *a Colorado corporation d/b/a Transwest Truck Trailer RV*,

Plaintiff,

v.

SOUTHWEST LUXURY COACH SALES, LLC, *an Arizona limited liability company*, & SCOTT BUCHANAN, *an individual*,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

Unless the Court has overlooked it, Defendants' Motion to Stay or, in the Alternative, to Dismiss (Docket No. 28) contains no certificate of conferral as required by D.C.COLO.LCivR 7.1(a).  That rule states:

> **Duty to Confer**. Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. *The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty*.

D.C.COLO.LCivR 7.1(a) (emphasis added).  The duty to confer does not attach to motions brought under Fed. R. Civ. P. 12, *see* D.C.COLO.LCivR 7.1(b), but this motion raises a request for a stay – which is not a motion brought under Fed. R. Civ. P. 12. Thus, the duty to confer attaches.  Counsel's failure to confer as to *stay of proceedings* is particularly inauspicious considering that the scheduling conference in this case was held literally yesterday.

Accordingly, Defendants' Motion to Stay or, in the Alternative, to Dismiss (**Docket No. 28**) is **DENIED WITHOUT PREJUDICE**.  Before re-filing, Defendants should take care to note this Court's guidance on the duty to confer.  *See, e.g.*, *Intelligent Designs 2000 Corp. v. CCM Assembly & Mfg., Inc.*, 2015 WL 8267827 (D. Colo. Dec. 7, 2015); *Geiger v. Z-Ultimate Self Def. Studios, LLC*, 2015 WL 3396154 (D. Colo. May 26, 2015); *Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (D. Colo. 2003).

Date: December 18, 2015