IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-02233-RM-MJW

TRANS-WEST, INC., *a Colorado corporation d/b/a Transwest Truck Trailer RV*,

Plaintiff,

v.

SOUTHWEST LUXURY COACH SALES, LLC, *an Arizona limited liability company*, &
SCOTT BUCHANAN, *an individual*,

Defendants.

**REPORT & RECOMMENDATION ON MOTION TO STAY OR, IN THE
ALTERNATIVE, TO DISMISS IN RESPONSE TO PLAINTIFF'S AMENDED
COMPLAINT AND JURY DEMAND (Docket No. 42)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff alleges that Defendants participated in a kickback scheme with one of Plaintiff's employees.  This case was removed to federal court; Plaintiff's lawsuit against its own employee remains pending in state court.  Defendants ask the Court to stay the case in favor of the related state proceedings or, if the case moves forward, to dismiss two of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).

The Court has reviewed Defendants' motion (Docket No. 42) and Plaintiff's response (Docket No 45).  The deadline for Defendants to file a reply has passed.  The Court has also taken judicial notice of the Court's entire file in this case and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court makes the following (1) order on the motion to stay, and (2) report and recommendation as to the motion to dismiss.

2

## Facts as Alleged in the Amended Complaint

Plaintiff Trans-West, Inc. sells new and used recreational vehicles ("RVs"); so does co-Defendant Southwest Luxury Coach Sales, LLC, which is owned by co-Defendant Scott Buchanan (collectively, "Defendants"). (Docket No. 40 ¶¶ 6-8.) Jeffrey Mullins was the RV Sales Manager at one of Plaintiff's locations, working for Plaintiff from October 2011 to June 2015. (*Id.* ¶ 9.) Mullins sold about 36 RVs to Defendants—at deeply discounted prices on paper, but taking money under the table as part of "an ongoing kickback embezzlement and bribery scheme." (*Id.* ¶¶ 11-14.) Defendants bought at least 27 RVs pursuant to this scheme, paying Mullins a total of $265,925 in checks and, once other transfers are included, more than $500,000. (*Id.* ¶¶ 15-19.) Plaintiff estimates its actual losses, due to the discounted prices, to exceed a million dollars. (*Id.* ¶ 22.)

Further, some sales went in the other direction, with Defendants selling RVs to Plaintiff; in negotiating these transactions, Mullins inflated the prices paid by Plaintiff and again accepted kickbacks from Defendants. (*Id.* ¶¶ 22-23.) Mullins also arranged to have RVs sold to Plaintiff for purpose of having repairs and refurbishments completed at Plaintiff's expense, then sold back to Defendants or others at cost or, sometimes, at a loss to Plaintiff. (*Id.* ¶¶ 24-31.)

Finally, Plaintiff alleges that it incurred nearly $27,000 repairing and refurbishing a particular RV at Defendants' request, and that Defendants refused to make payment. *Id.* ¶¶ 32-36.)

Plaintiff sued Mullins in state court; that case remains pending at present. (See Docket Nos. 42-1, 42-8, & 42-9.) In this action, Plaintiff sued Defendants in a different district in state court, and Defendants removed to Federal court.

### Discussion

Plaintiff asserts eight claims, all arising under Colorado law:

- Count One: Aiding and Abetting Breach of Fiduciary Duty
- Count Two: Civil Theft under C.R.S. § 18-4-401
- Count Three: Fraud
- Count Four: Conversion
- Count Five: Civil Conspiracy
- Count Six: Constructive Trust
- Count Seven: Breach Of Contract
- Count Eight: Unjust Enrichment

Defendants move to stay these proceedings during the pendency of Plaintiff's state-court action against Mullins. In the alternative, Defendants move to dismiss Counts Two and Three.

**I.    Motion to Stay**

"As a general rule, the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) (internal quotation marks omitted) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). "But, at times, reasons of wise judicial

4

administration must weigh in favor of permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding." *Id.* (internal quotation marks omitted).

As the Tenth Circuit explains:

The [Supreme] Court provided four factors to aid in determining whether dismissal [i]s warranted. These four factors are: (1) whether the state or federal court first assumed jurisdiction over the same res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. The Court also advised that no one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required.

*Id.* at 1234 (internal quotation marks, citations, and alterations omitted). Courts "also look to whether federal law provides the rule of decision on the merits, and whether the state-court proceedings adequately protect the litigants' rights." *Id.* at 1235 (internal quotation marks and citations omitted) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23, 26-27 (1983)).

Here, there are no compelling reasons why the Court should decline to exercise its jurisdiction. Most of these factors are neutral. As to *in rem* jurisdiction, Plaintiff notes that this Court has entered a replevin order over property not at issue in the state litigation; but this matters little, because staying this case would not change anything about the enforceability of that replevin order. Further, this forum is not inconvenient: the federal courthouse is an hour's drive away from the state court at issue, and Defendants incurred the inconvenience of that commute themselves by removing the case. It is also true that the state courts acquired jurisdiction over the subject matter first, but only by a narrow window of time.

One factor points in favor of a stay: there is no federal law at issue in this case. But the risk of piecemeal litigation—the "paramount" factor, *id.* at 1234—counsels against a stay. There is no real risk here, despite the fact that similar questions of fact may be decided first in state court. Defendants argue that this case might wind up unwinnable for Plaintiff, by operation of Colorado's law on nonmutual collateral estoppel, if Plaintiff loses the related state-court litigation. But Defendants also argue that no preclusion would apply if Plaintiff *wins* the state-court case. Plaintiff's argument highlights exactly why a stay is not appropriate: the state-court proceedings do not adequately protect the rights of all the parties. This is not surprising, since Defendants are not parties in the state litigation. The Court denies the motion to stay.

## II.   Motion to Dismiss

Defendants move to dismiss Count Two (civil theft) and Count Three (fraud) under Fed. R. Civ. P. 12(b)(6). Judge Moore has stated the applicable standards:

> Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." . . . .
>
> The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." . . .

> For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions.'"

*In re Molycorp, Inc. Sec. Litig.*, ___ F. Supp. 3d ___, 2016 WL 233402, at *5-6 (D. Colo. Jan. 20, 2016), as amended (Jan. 28, 2016) (internal citations omitted).

### A.  Count Two: Civil Theft under C.R.S. § 18-4-401

"To succeed on a civil theft claim, [a] plaintiff ha[s] to establish that (1) [a] defendant knowingly obtained control over [the plaintiff's] property without authorization and (2) [the] defendant did so with specific intent to permanently deprive [the plaintiff] of the benefit of the property." *Huffman v. Westmoreland Coal*, 205 P.3d 501, 509 (Colo. App. 2009).

Defendants argue that the "unauthorized" part of the first element is missing here, because Mullins acted within the scope of his employment and therefore bound Plaintiff to the transactions by the laws of agency. Defendants cite no authority for the proposition that an agent acts within the scope of agency when he steals from the principal. Moreover, inasmuch as Defendants rely on Mullins's apparent authority, the Amended Complaint plausibly alleges that Defendants were knowing participants in the fraudulent scheme—from which it is reasonable to infer that Defendants were aware that Mullins was acting outside the scope of his authority, and in which case the doctrine of apparent authority could not apply. *See Oklahoma State Bank v. Galion Iron Works & Mfg. Co.*, 4 F.2d 337, 338 (8th Cir. 1925). The Court recommends that the motion to dismiss be denied as to Count Two.

B. **Count Three: Common Law Fraud**

The elements of common law fraud are: "[1] that the defendant made a false representation of a material fact; [2] that the party making the representation knew it was false; [3] that the party to whom the representation was made did not know of the falsity; [4] that the representation was made with the intent that it be acted upon; and [5] that the representation resulted in damages." *Brody v. Bock*, 897 P.2d 769, 775-76 (Colo. 1995).

The Federal Rules of Civil Procedure impose a heightened pleading standard on fraud, "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal quotation marks omitted). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). More specifically, the Tenth Circuit "requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch*, 203 F.3d at 1236 (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

Defendants argue that the Amended Complaint fails to satisfy the Rule 9(b) pleading standards because it fails to provide factual content about the fraud—specifically, that it fails to identify the time, place and contents of specific statements made by Mullins to Plaintiff. The Court disagrees. The Amended Complaint identifies

8

the content of the alleged misrepresentations: the sales prices for RVs. The Amended Complaint identifies the approximate time and place of the fraud: 27 of the 36 sales made by Mullins to Defendants from October 2011 to June 2015. To be sure, the Amended Complaint does not plead the actual mechanisms through which these sales figures were literally transmitted from Mullins to Plaintiff. But that's beside the point. The purpose of 9(b) is to give Defendants enough detail to defend the claims—and to do so, a complaint "need only show the specifics of a fraudulent scheme and provide an adequate basis for a reasonable inference that false [statements] were submitted as part of that scheme." *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). Even under Rule 9(b), the Court is required to draw reasonable inferences in Plaintiff's favor, and the Amended Complaint pleads with particularity facts from which each of the elements of common law fraud can be inferred. The Court recommends that the motion to dismiss be denied as to Count Three.

## Order

It is hereby ORDERED that Defendants' Motion To Stay Or, In The Alternative, To Dismiss In Response To Plaintiff's Amended Complaint And Jury Demand (Docket No. 42) is DENIED insofar as it requests a stay of proceedings.

## Recommendation

It is further RECOMMENDED that Defendants' Motion To Stay Or, In The Alternative, To Dismiss In Response To Plaintiff's Amended Complaint And Jury

9

Demand (Docket No. 42) be DENIED insofar as it seeks dismissal of Counts Two and Three of the Amended Complaint and Jury Demand.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:      February 29, 2016            */s/ Michael J. Watanabe*
            Denver, Colorado              Michael J. Watanabe
                                          United States Magistrate Judge