IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-02233-RM-MJW

TRANS-WEST, INC., *a Colorado corporation d/b/a Transwest Truck Trailer RV*,

Plaintiff,

v.

SOUTHWEST LUXURY COACH SALES, LLC, *an Arizona limited liability company*, &
SCOTT BUCHANAN, *an individual*,

Defendants.

## MINUTE ORDER
### (Docket Nos. 46, 48, 55, & 64)

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that:

• Defendants' Motion to Compel **(Docket No. 46)** is **GRANTED IN PART
AND DENIED IN PART**, as follows:

  • **Interrogatory 1:** Defendants' motion is denied as to this
interrogatory.  The Fed. R. Civ. P. 33(d) designation in Plaintiff's
supplemental response, in combination with the deal jackets and
the spreadsheets, appears to be a full and fair response.

  • **Interrogatory 5 & Interrogatory 14**: Plaintiff is **ORDERED** to
produce the requested information and documents as to the
specific vehicles at issue in this lawsuit.  Past that, the Court finds
that Defendants' theory of relevancy is too attenuated to be
proportional to the needs of the case.

  • **Interrogatory 7:** As to the sales and inventory records from
SalesForce, Karmak, and Automotive Arts (records that have
already been provided in the form of Excel spreadsheets), Plaintiff
is **ORDERED** to produce or allow access to the records in native
formats, with complete metadata and with the capacity to produce
and download reports to a removable storage drive.  Plaintiff may
do so through a dummy account with limited permissions, provided
that the limitations are agreed upon by counsel beforehand.  All

such records shall be deemed "Confidential Information" pursuant to the Stipulated Protective Order (Docket No. 35) in this case.

- **Interrogatory 11:** Defendants' motion is denied as to this interrogatory.  The responses appear full and fair in light of Plaintiff's currently claimed damages.  The Court notes that Plaintiff has almost certainly made binding judicial admissions that would preclude it from re-asserting its abandoned damages theories.

- **Interrogatory 12**: Plaintiff is **ORDERED** to produce the requested information and documents, insofar as the documents have been compiled for use in the related state-court litigation.  The Court notes, further, that Plaintiff has a continuing obligation to supplement this response, as the related state-court litigation progresses.

- **Interrogatory 15:** Defendants' motion is denied as to this interrogatory.  Defendants offer no explanation as to why the Fed. R. Civ. P. 33(d) designation in Plaintiff's response is insufficient.

- **Interrogatory 17:** Plaintiff is **ORDERED** to produce the requested information and documents.  The collateral source doctrine has no bearing on the matter.

- **Request for Production 3:** Defendants' motion is denied insofar as this appears moot in light of Plaintiff's fifth supplemental disclosure.  Defendants may renew the issue if the Court is mistaken.

- **Request for Production 7:** Plaintiff is **ORDERED** to produce Mullins's laptop and other devices for inspection by Defendants.  In advance of the production, the parties shall stipulate to a process for imaging/copying, shall stipulate to a clawback agreement for privileged matters, and shall stipulate to a process for designating proprietary information as "attorneys eyes only."  The parties shall file this stipulation with Court as a "Supplemental Stipulated Protective Order" on or before May 20, 2016.  Defendants shall pay the cost of any imaging/copying.

- Plaintiff's Motion for Protective Order and Motion to Quash Subpoenas **(Docket No. 48)** is **GRANTED IN PART AND DENIED IN PART**, as follows:

  - The motion is **GRANTED** insofar as discovery into the "California Transactions" is hereby **BARRED** under Rule 26(c)(1)(D).  Defendants have failed to articulate any conceivable relevance.

- The motion is **DENIED** as to quashing the five subpoenas at issue. Plaintiff has sufficient standing to challenge the Salesforce.com subpoena on privacy grounds under Rule 45(d)(3)(B)(i).  Plaintiff has not established standing as to the other four subpoenas.  And as to the Salesforce.com subpoena, the Court ruled *supra* that the records are relevant to the case; thus, the Court will not quash the subpoena.  To accommodate Plaintiff's privacy interests, it is **ORDERED** that any and all documents received by the parties pursuant to the Salesforce.com subpoena shall be deemed to be designated "Confidential Information" pursuant to the Stipulated Protective Order (Docket No. 35) in this case.

  The Court notes that the Salesforce.com subpoena is likely unduly burdensome under Rule 45(d)(3)(A)(iv) in light of the Court's orders compelling discovery *supra*, and further notes that all five subpoenas might very well violate Defendants' duties under Rule 45(d)(1) in light of their sweeping language.  But such matters are outside the scope of Plaintiff's standing to challenge.  *See Windsor v. Martindale*, 175 F.R.D. 665 (D. Colo. 1997).

- To the extent the motion seeks to limit the Rule 30(b)(6) deposition of Plaintiff's corporate representative, the motion is both (1) unsupported/speculative because no Rule 30(b)(6) notice was provided for the Court to review, and (2) moot because the deposition appears to have been conducted already notwithstanding the automatic stay in D.C.COLO.LCivR 30.2(a). The motion is therefore **DENIED AS MOOT** as to any such matters not otherwise resolved by this Minute Order.  Plaintiff may file a new motion as to still-pending depositions if need be.

- Plaintiff's Motion for Protective Order and Motion to Quash Subpoena Served on Mercedes-Benz Financial **(Docket No. 55)** is **GRANTED** and the subpoena is **QUASHED**.  Plaintiff has standing to challenge such confidential commercial information under on privacy grounds under Rule 45(d)(3)(B)(i).  And as the Court held *supra*, Defendants have failed to establish any actual relevancy.

- Plaintiff's Motion for Leave to File Surreply to Defendants' Supplements to Discovery Motions **(Docket No. 64)** is **GRANTED**.  The Court has taken the parties' filings at Docket Nos. 61, 62, 62-1, 64, 64-1, 64-2, 64-3, 64-4, 64-5, 64-6, and 66 into consideration.

Date: April 28, 2016